**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.: _____**

CORNELIUS SHARPE,

      Plaintiff,

vs.

F & F PRODUCTIONS, LLC,
A Foreign Limited Liability Company,

      Defendant.

_____/

## <u>COMPLAINT</u>

Plaintiff, CORNELIUS SHARPE, (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Civil Action against Defendant, F & F PRODUCTIONS, LLC, (hereinafter "Defendant"). Plaintiff states the following in support:

1. This is an action for declaratory and injunctive relief, and damages pursuant to; (1) The Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), (2) The Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, *et seq*. ("ADA"), (3) The Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq*, ("FMLA"), and (4) Section 440.205, Florida Statutes, ("Workers' Compensation Law"), to redress injuries resulting from Defendant's unlawful race-based discriminatory treatment of and retaliation against Plaintiff.

2. At all times material hereto, Plaintiff was, and still is, a resident of Hillsborough County, Florida.

3. Defendant is a foreign limited liability corporation with its primary place of business and headquarters in Clearwater, Pinellas County, Florida.

4. The Middle District of Florida, Tampa Division, is the proper venue under 28 U.S.C. §1391(b) and (c) because it embraces the County where the actions complained of herein occurred.

5. Pendent and supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367(a) for this Court to decide claims that may arise under state law.

6. Defendant was a "person" and/or an "employer" pursuant to the Family and Medical Leave Act of 1993, since it employs fifty (50) or more employees for the applicable statutory period.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FMLA.

8. Plaintiff, on April 16, 2020, timely filed a Charge of Discrimination alleging discrimination on the basis of race and color with the Equal Employment Opportunity Commission, and the Florida Commission on Human Relations.

9. On August 24, 2020, the EEOC issued a Dismissal and Notice of Rights.

10. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff is a Black individual and within a class of individuals protected by § 1981, and is a disabled individual within the class of individuals protected by ADA.

13. Plaintiff worked for Defendant as a driver whose compensation was on a salaried basis.

14. Plaintiff was the only black driver within the division that Plaintiff worked under for Defendant.

15. Throughout Plaintiff's employment, Defendant engaged in intentional discriminatory conduct including but not limited to being singled out as a colored employee by coworkers and supervisors. Similarly situated, non-Black drivers were not subject to such treatment.

16. Plaintiff suffered back injuries and a concussion as a result of an employment accident on or about December 18, 2019.

17. Plaintiff was unable to work for a period of time as a result of his injuries, which left him disabled.

18. Plaintiff took medical leave as a result of his disability and injuries.

19. Plaintiff subsequently applied for and received Workers' Compensation coverage.

20. Defendant advised the Plaintiff that Plaintiff would be discharged of his duties if Plaintiff's condition did not improve by March of the same year. There was short temporal proximity between Plaintiff's complaint regarding discrimination and Plaintiff's termination date.

21. Plaintiff was terminated from employment by Defendant on or about March 25, 2020, in retaliation of Plaintiff's Workers' Compensation coverage, and as a result of Plaintiff's medical leave due to his disability, and Plaintiff's race.

22. Plaintiff filed an EEOC charge, (511-2020-02937), against Defendant pursuant to ADA violations. The Charge was filed prior to August and Plaintiff subsequently received rights-to-sue from the EEOC on August 24, 2020.

23. Since receiving the rights-to-sue, Defendant's continued discriminatory and retaliatory conduct have necessitated Plaintiff filing additional Charges of Discrimination with the EEOC.

24. Plaintiff further filed a separate EEOC charge, (511-2021-00371), on November 3, 2020, alleging Discrimination on the basis of race and disability, and Retaliation under Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII") with the Equal Employment Opportunity Commission.

25. Any reason proffered by Defendant for the conduct described above is mere pretext for unlawful discrimination and retaliation. Throughout his employment Plaintiff was able to perform the essential functions of his job duties and responsibilities, and at all relevant times did perform his job at satisfactory or above-satisfactory levels.

## COUNT I
### *Race Discrimination in Violation of 42 U.S.C. § 1981*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

27. Plaintiff is a member of a protected class under § 1981.

28. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff' race and subjected Plaintiff to animosity based on race.

29. Such discrimination was based upon the Plaintiff' race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

30. Defendant's conduct complained of herein was willful and in disregard of Plaintiff' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

31. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff' employment with Defendant.

32. Defendant retained all employees who exhibited discriminatory conduct toward Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

33. As a result of Defendant's actions, as alleged herein, Plaintiff have been deprived of rights,

4

have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

34. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal law.

35. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiff' statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

36. Plaintiff have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

37. So that Plaintiff' rights may be protected, Plaintiff have retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff' rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.  Grant such additional relief as the Court deems just and proper.

<u>**COUNT II**</u>
*Disability Discrimination in Violation of the ADA*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

39. Plaintiff is a member of a protected class under the ADA.

40. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

41. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

42. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

43. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

44. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.   Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation in Violation of 42 U.S.C. § 1981*

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

50. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under § 1981.

51. Defendant's conduct complained of herein was willful and in disregard of Plaintiff' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

52. As a result of Defendant's actions, as alleged herein, Plaintiff have been deprived of rights, have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

53. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal law.

54. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiff' statutorily protected rights, thus entitling Plaintiff to

8

damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

55. Plaintiff have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

a.  Adjudge and decree that Defendants have violated § 1981, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.  Grant such additional relief as the Court deems just and proper.

## <u>COUNT IV</u>
### *Retaliation in violation of the ADA against*

56. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

57. Plaintiff is a member of a protected class under the ADA.

58. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights

protected under the ADA.

59. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

60. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

61. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

62. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

63. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay,

benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *FMLA Retaliation*

64. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

65. Plaintiff had a right under the FMLA to take the leave Plaintiff requested. Plaintiff was entitled to and eligible for leave under the law.

66. By requesting and taking the leave Plaintiff engaged in a statutorily protected activity.

67. Plaintiff's termination constitutes an adverse employment action under the law.

68. Defendant's decision to terminate the Plaintiff, as previously described, was causally related to Plaintiff's statutorily protected activity.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a.  Adjudge and decree that Defendant has violated the FMLA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT VI</u>
### *Retaliatory Discharge Under § 440.205, Florida Statutes*

69. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

70. Section 440.205, of the Florida Statues provides a cause of action for any employee who has been the object of a retaliatory personnel action for having filed a valid claim for compensation under the Workers' Compensation Law.

71. As mentioned above, Plaintiff filed a valid claim for compensation under the Workers' Compensation Law.

72. Defendant violated the Workers' Compensation Law by taking retaliatory personnel actions against Plaintiff due to his having filed a valid claim for compensation under the Worker's Compensation Law, as has been more thoroughly described in the general

allegations section of this Complaint.

73. Defendant and its agents, employees, supervisors, managers, partners, officers and/or directors actively and knowingly participated in the retaliatory personnel actions against Plaintiff, culminating in Plaintiff's discharge, having actual knowledge and/or constructive knowledge of the wrongfulness of their conduct and the high probability that injury or damage to Plaintiff would result, and/or acted with such reckless disregard or absence of reasonable care as to constitute a conscious disregard or indifference to the rights of Plaintiff, and/or acted with such gross negligence that they contributed to Plaintiff's damages, injuries and losses.

74. As a consequence of these actions, Plaintiff has suffered damages including loss of income, lost wages and benefits, damage to reputation, standing in his profession and community, emotional distress damages, and other damages which have yet to be determined.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the Workers' Compensation Law, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against

by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demand trial by jury of all issues triable as of right by jury.

Dated: November 23, 2020                    Respectfully submitted,

/s/ Max L. Horowitz
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

14

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.: _____**

CORNELIUS SHARPE,

      Plaintiff,

vs.

F & F PRODUCTIONS, LLC,
A Foreign Limited Liability Company,

      Defendant.

_____/

**SUMMONS IN A CIVIL CASE**

TO: F&F PRODUCTIONS, LLC, c/o its Registered Agent:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S**
**ATTORNEY:**

Anthony M. Georges-Pierre, Esq.
REMER & GEORGES-PIERRE, PLLC COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130

An Answer to the Complaint, which is herewith served upon you, within 21 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____
_____
CLERK                                        DATE

_____
(BY) DEPUTY CLERK